**HITT et al. v. CARTER.**

No. 1776.

Court of Civil Appeals of Texas. Eastland.

April 1, 1938.

Rehearing Denied May 6, 1938.

Fowler Roberts, of Big Lake, and Kerr & Gayer, of San Angelo, for appellants.

Fred O. Jaye, of De Leon, for appellee.

GRISSOM, Justice.

Plaintiff, D. S. Hitt, Jr., sued J. F. Carter for $5,000 alleged to be owing plaintiff by defendant upon a contract. Plaintiff's petition contained three alternative counts, substantially as hereinafter indicated. In each count it was alleged that about January 5, 1935, Carter was awarded a contract by the Highway Department of Texas for improvements on highways in Reeves and Culberson counties; that about October 15, 1935, the Highway Department owed certain payments to Carter, and plaintiff notified it of his claim and impounded $5,000 and fixed a lien thereon. In the first count, plaintiff further alleged that he, Hitt, at

Carter's request, furnished Carter certain machinery which Carter used in making such highway improvements, for which Carter promised to pay plaintiff $700 per month as rent for the use of plaintiff's machinery. In the same paragraph, it was alleged that $700 per month was "the actual, reasonable, usual, customary and necessary cost of the use of said machinery"; that defendant used said machinery from March 4, 1935, to October 10, 1935, whereby defendant became indebted to plaintiff in the sum of $5,000. In the second count of plaintiff's petition, it was alleged that defendant and G. B. Dyson were partners and that plaintiff rented the machinery to the partnership, it acting through Dyson. In the third count, it was alleged that Dyson was a subcontractor under Carter and that the machinery was rented to Dyson for his use as defendant's subcontractor, and it was alleged that thereby defendant Carter became obligated to pay plaintiff Hitt $5,000.

Plaintiff prayed for judgment against defendant for $5,000, interest, attorney's fees, costs, for foreclosure of his lien on the money impounded in the Highway Department, etc.

Defendant's answer consisted of a general denial, a denial under oath of the alleged partnership, and, as to the contract with Hitt, a plea of non est factum.

G. B. Dyson intervened. He alleged that he and defendant were jointly and severally liable for the amount sued for by plaintiff and that he was entitled to have defendant pay such sum. (This allegation is not supported by any evidence.) Intervener further alleged that he entered into a contract about January 3, 1935, whereby he leased certain machinery to defendant for a period of one year, for the purpose of "carrying out and completion" of Carter's contracts with the Highway Commission; that it was further agreed that intervener should give all his time and service to the full and proper performance of such contracts; that intervener was to be compensated for the lease of his machinery and for his personal service by payment to intervener by defendant of "fifty per cent of the net profits derived by defendant from said jobs." The net profit was alleged to be $50,000 and intervener asked judgment against defendant for $25,000. Intervener further alleged that the contract provided that at its expiration defendant would return intervener's machinery to the places

from which it was taken onto the job; that a return to such places was customary and was the practice on this particular job; that the machinery was not so returned; that the cost of such return was $3,000, for which he sued. Intervener further alleged conversion of certain property belonging to Dyson of the value of $1,000, etc.

Defendant's answer to intervener's petition contained allegations that no net profits were made under defendant's contract with the state; that defendant had paid and advanced intervener $1,836.20, which exceeded any amount intervener might have been entitled to recover from defendant.

By trial amendment plaintiff asked judgment against intervener on intervener's admission of liability to plaintiff.

We have had no evidence pointed out sustaining the allegations of the first count of plaintiff's petition, to the effect that plaintiff furnished or rented machinery to defendant; or the second count, alleging a partnership between defendant and intervener, and a renting of machinery to said partnership, nor have we found any. We think the evidence fails (1) to show the partnership alleged, and (2) fails to show renting of the machinery to a partnership, if it did exist. If any of plaintiff's allegations find support in the evidence, it is the allegations of the third count to the effect that Dyson was Carter's subcontractor and that Hitt rented machinery to Dyson as such.

Documentary evidence introduced shows that on June 7, 1934, Dyson executed a note to Hitt for $2,700, due August 6, 1934. The note was secured by a mortgage on certain machinery. The mortgage was filed for registration in Upton county. On March 4, 1935, Dyson executed a bill of sale to Hitt of the mortgaged machinery in consideration of the cancellation of said note. This bill of sale was recorded in Reeves county October 25, 1935. March 4, 1935, Hitt rented to Dyson the machinery described in said mortgage and bill of sale for $700 per month. This rental contracted contained an option permitting the purchase by Dyson of said machinery "during the next five months" for the sum of $3,250, with the provision that rental payments were to be a part of the purchase price. On January 17, 1935, Dyson leased to Carter certain machinery (apparently treated by all parties as being the same, or including, the property involved in the

transaction between Hitt and Dyson, and so considered here) for a term of one year commencing January 5, 1935. By the terms of a letter dated January 3, 1935, Dyson and Carter agreed that the sole consideration for the lease of Dyson's road building machinery and for Dyson's personal services on the road building contracts was that Carter was to pay Dyson one-half of the net profits derived from Carter's contract with the state; that Dyson was not to be responsible for any losses; that Dyson was to give all his time and services "to' the full and proper performance of said contract, but I (Carter) am to have complete charge of all operations thereunder."

Carter was presented with written assignments from Dyson to Hitt of whatever amount Dyson might be entitled to receive in payment for the use of said machinery and his personal services on Carter's road contracts. Carter refused to accept or sign such agreement, but Carter, on March 15, 1935, wrote Hitt to the effect that Carter would make payment to Dyson of whatever Dyson was entitled to on the completion of the work at Hitt's office, less such sums as Carter had or would thereafter advance to Dyson "for repairs of machinery or living expenses * * *." The letter recited that Dyson owed Hitt $3,250. The letter was signed: "Accepted D. S. Hitt, Jr."

We think the evidence conclusively shows that in January, 1935, when Dyson was unquestionably the owner of the machinery, the machinery was leased to Carter by Dyson for one year; that it was placed on the job and in the possession of Carter and there remained until the completion of the work. If, after the machinery was leased by Carter and placed in his possession, Hitt did acquire the legal title thereto, he never obtained possession thereof. Carter's possession and use of the machinery and the right thereto rested alone upon his rental contract with Dyson, its then owner. We think, under the facts of this case, that it cannot be said that, either actually or constructively, Hitt furnished or supplied either Carter or an alleged partnership with such machinery. We think it equally evident that Dyson was not a subcontractor. As to the machinery, Dyson was merely the lessor thereof, and as to his personal service, he was a mere servant or employee, with no authority to enter into any contract with Hitt binding upon Carter.

It necessarily results from the above conclusions that we hold there is no support in the evidence for any of the counts of plaintiff's petition as to defendant Carter, and the court did not err in instructing a verdict for defendant Carter and against plaintiff Hitt.

As to the intervener Dyson, we have concluded, after careful consideration, that the evidence raises issues of fact upon the respective elements of the cause of action asserted which should have been submitted to the jury, and the court erred in instructing a verdict against the intervener. (In the event of another trial of the issues between Dyson and Carter, we suggest that the parties should replead.)

No question is presented in this court as to the judgment by Hitt against Dyson; in that respect the judgment is undisturbed. The judgment as to plaintiff Hitt is affirmed; the judgment as between intervener Dyson and defendant Carter is reversed and the cause remanded.

Affirmed in part, and reversed and remanded in part.